## ASTERI, Plaintiff-Appellant, v. YOUNSTOWN (City), Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3535. Decided March 24, 1953.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
H. H. Hunt, Law Director, I. Freeman, Asst. Law Director, Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

Plaintiff appealed on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for defendant, a municipal corporation, in plaintiff's action filed against it to recover damages for personal injuries sustained while walking in a southerly direction on the easterly sidewalk of the Division Street bridge, within the corporate limits of defendant city, about 11:15 P. M. on the 20th day of June, 1950, and falling in a hole in such sidewalk, as the result of which he allegedly received personal injuries.

Plaintiff alleged that defendant had permitted the sidewalk, which was maintained by defendant city, to become broken, rough, uneven and unsafe for pedestrian travel, which condition it had allowed to exist for a long period of time, thereby failing to keep such sidewalk open, in repair and free from nuisance; and of which condition plaintiff was unadvised, having recently moved into the neighborhood.

By assignments of error plaintiff further claims that the verdict of the jury was rendered as the result of passion and prejudice, is not sustained by sufficient evidence, is against the decided and manifest weight of the evidence, is contrary to law, and that the trial court erred in overruling his motion for a new trial.

The trial judge charged the jury in writing before argument the following requests to charge before argument submitted by plaintiff:—

"The court charges each of you as a matter of law that if the plaintiff at all times in question exercised that amount and degree of care that an ordinary careful and prudent person ordinarily and customarily exercises in the same or similar situation, then the court says to you that he would not be negligent even in the slightest degree.

"The court instructs you as a matter of law that if you find by the greater weight of the evidence in this case that the sidewalk in question was on the 20th day of June, A. D., 1950, in a defective, unsafe and dangerous condition for travel thereon by the public, and that sufficient time had elapsed between the time said sidewalk became defective and the time of the injury to plaintiff to enable the defendant, by the exercise of reasonable diligence, to have discovered and repaired said sidewalk prior to the time of the accident and that the defendant was guilty of maintaining a nuisance in one or more of the respects claimed in plaintiff's petition and that such nuisance was a proximate cause of injury to plaintiff and that the plaintiff himself at the time complained of,

was in the exercise of ordinary care for his own safety, then I say to you as a matter of law that your verdict in this case should be for the plaintiff.

"The plaintiff had a right in walking upon said sidewalk in the absence of his knowledge to the contrary to presume that the defendant City of Youngstown had performed its duty relative thereto and that said sidewalk was in a reasonably suitable condition for him to pass over. He was not required to make a minute, searching and continuous inspection of the sidewalk in front of him for defects; he was only required to exercise ordinary care in using said sidewalk and ordinary care consists of that kind and degree of care that an ordinary careful and prudent person ordinarily and customarily exercises in the same or similar situation.

"Nine or more of your number may find in favor of either party. If you find in favor of the plaintiff then nine or more of your number may determine the amount of money to be awarded to him in way of damages."

In his general charge to the jury the trial judge said:—

"Now I come to the next issue which I have just said I would take up and that is whether or not the plaintiff himself was negligent directly contributing to bring about his own injuries. Now what is meant by contributory negligence? Contributory negligence may be defined to be any act or omission on the part of the plaintiff amounting to a want of ordinary care which, combining and cooperating with the negligence of the defendant, becomes a proximate cause of the injury complained of. The burden of establishing contributory negligence as a defense would rest upon the defendant unless the proof adduced in behalf of plaintiff is of such a character as to raise a presumption of negligence on his part in which case plaintiff is required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption but in which case the plaintiff is entitled to the benefit of any evidence that may be produced by the defendant tending to dispel the inference or presumption that has arisen against plaintiff from plaintiff's own evidence.

"Now whether or not the plaintiff himself was negligent directly contributing to bring about his own injury is an issues of fact for the jury under all the evidence in the case and under the law. If he was he cannot recover in this case; if he was not then he is not barred from a recovery by this rule of contributory negligence."

The trial judge correctly charged upon the issue of contributory negligence.

Clearly by submitting his request to charge before argu-

ment to the trial judge plaintiff invited a charge upon the issue of contributory negligence of which he may not be heard to complain now. See unreported case of Candella v. Youngstown Municipal Railway Company, Mahoning Appeals for the year 1941, Volume 2, Page 143. See also **2 O. Jur., Part 1, Section 52, Pages 956 to 961.**

Since the case we review was submitted to the jury on the question of defendant's maintenance of a nuisance and plaintiff's contributory negligence, and the verdict of the jury was not tested by interrogatories, the two issue rules does operate and the judgment can not be reversed unless the verdict of the jury is found to be against the manifest weight of the evidence on both issues.

"The two-issue rule is, that error in the charge of the court dealing exclusively with one of two or more complete and independent issues required to be presented to a jury in a civil action will be disregarded, if the charge in respect to another independent issue which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories or otherwise that the verdict is in fact based upon the issue to which the erroneous instruction related." **Bush v. Harvey Transfer Co., 146 Oh St 657.**

The remaining issue for this court to determine is whether the verdict of the jury is against the manifest weight of the evidence on the issue of plaintiff's contributory negligence.

Defendant's evidence on this issue is that a five hundred candle power white way lamp was situated within three or four feet of the 6 x 10 inch defect complained of.

There is uncontradicted evidence that plaintiff had never before walked over the place where the defect was situated.

Considering all the evidence on the issue of contributory negligence two members of this court conclude that the verdict of the jury on this issue is against the manifest weight of the evidence. All members of the court conclude that the two issue rule is applicable to the facts of this case on the issue of nuisance because reasonable minds could not find otherwise than that the nuisance existed as alleged.

The members of this court being unable to agree unanimously that the verdict of the jury is against the manifest weight of the evidence on the issue of contributory negligence, and finding no other error prejudicial to plaintiff the judgment of the court of common pleas must be and is affirmed.

**GRIFFITH, PJ, PHILLIPS & NICHOLS, JJ, concur.**